SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
CHRISTOPHER J. KELLER  Bar No. 178491
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
Kaiser Permanente Welfare Benefit Plan
incorrectly sued as Kaiser Permanente Medical Group Long-Term Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FRITZ,<br><br>       Plaintiff,<br><br>    v.<br><br>KAISER PERMANENTE MEDICAL GROUP LONG-TERM DISABILITY PLAN,<br><br>       Defendant. | CASE NO. C 07-03587 SC<br><br>**ANSWER TO COMPLAINT** |

Comes now defendant Kaiser Permanente Welfare Benefit Plan, incorrectly sued herein as Kaiser Permanente Medical Group Long-Term Disability Plan, and responds to the Complaint of plaintiff Lisa Fritz as follows:

1.      To the extent that paragraph 1 of the Complaint consists of legal conclusions, the Plan is not required to respond. To the extent that paragraph 1 is deemed factual in nature, the Plan admits that the Court has subject matter jurisdiction over the claims alleged in the Complaint.

2.      To the extent that paragraph 2 of the Complaint consists of legal conclusions, the Plan is not required to respond. To the extent that paragraph 2 is deemed factual in nature, the Plan admits that venue is proper in this district. Except as stated, the factual allegations of paragraph 2 are denied.

3. Responding to paragraph 3 of the Complaint, the Plan admits that it is administered in Alameda County, and that at certain relevant times plaintiff has submitted documents indicating that her residence was at that time in Alameda County. Except as expressly admitted, the Plan denies the allegations of paragraph 3, and expressly denies that any "breaches" occurred in Alameda County or in any other location.

4. Responding to paragraph 4 of the Complaint, Kaiser Permanente Welfare Benefit Plan ("Plan") admits that at certain relevant times plaintiff was a participant of the Plan subject to all terms, conditions and limitations thereof. Except as expressly admitted, the allegations of paragraph 4 are denied.

5. To the extent that paragraph 5 of the Complaint consists of legal conclusions, the Plan is not required to respond thereto. To the extent that paragraph 5 consists of factual allegations, the Plan admits that it is an employee welfare benefit plan, that it is sponsored and administered by Kaiser Foundation Health Plan ("KFHP"), that Plan benefits made available to eligible participants include long-term disability ("LTD") benefits, that the Plan's LTD benefits at relevant times were insured by Metropolitan Life Insurance Company ("MetLife"), and that MetLife at relevant times was the Plan's claim administrator for LTD benefits. Except as expressly admitted, the factual allegations of paragraph 5 are denied.

6. To the extent that paragraph 6 of the Complaint consists of legal conclusions, the Plan is not required to respond thereto. To the extent that paragraph 6 consists of factual allegations, the Plan admits that KFHP at relevant times was the sponsor and administrator of the Plan.

7. The Plan lacks information sufficient to permit it to form a belief as to the accuracy of the allegations of paragraph 7 of the Complaint, and on that basis denies such allegations.

8. The Plan lacks information sufficient to permit it to form a belief as to the accuracy of the precise allegations of paragraph 8 of the Complaint, and on that basis denies such allegations. The Plan admits, however, that plaintiff was employed by Kaiser Foundation Hospitals as a medical social worker with the duties attendant to that position.

9. The Plan lacks information sufficient to permit it to form a belief as to the accuracy of the precise allegations of paragraph 9 of the Complaint, and on that basis denies such allegations. The Plan admits, however, that plaintiff's job duties included, without limitation, at least the following: providing counseling to patients and families about adaptation to disabilities, acting as a liaison between the care teams and patients, assisting patients to find community and transportation resources, and attending family conferences. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

10. Responding to paragraph 10 of the Complaint, the Plan admits that plaintiff reported that she had been injured in a fall in July 2001. Except as expressly admitted, the allegations of paragraph 10 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

11. Responding to paragraph 11 of the Complaint, the Plan admits that plaintiff reported having received medical treatment at or about the time of her reported fall. Except as expressly admitted, the allegations of paragraph 11 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

12. Responding to paragraph 12 of the Complaint, the Plan admits on information and belief that plaintiff did not work for a period of time following her reported fall in July 2001. Except as expressly admitted, the allegations of paragraph 12 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

13. Responding to paragraph 13 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments following her reported fall. Except as expressly admitted, the allegations of paragraph 13 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

14. Responding to paragraph 14 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments following her reported fall. Except as expressly admitted, the allegations of paragraph 14 are denied. The Plan further

denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

15.  Responding to paragraph 15 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments following her reported fall in July 2001. Except as expressly admitted, the allegations of paragraph 15 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

16.  Responding to paragraph 16 of the Complaint, the Plan admits on information and belief that plaintiff returned to work a short time after her reported fall in July 2001.

17.  Responding to paragraph 17 of the Complaint, the Plan admits on information and belief that plaintiff continued to work between July 2001 and March 2002, and that plaintiff reported experiencing back pain in or about March 2002. Except as expressly admitted, the allegations of paragraph 17 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

18.  Responding to paragraph 18 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about March 2002, and that she did not work for a period of time in March 2002. Except as expressly admitted, the allegations of paragraph 18 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

19.  Responding to paragraph 19 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about March 2002. Except as expressly admitted, the allegations of paragraph 19 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

20.  Responding to paragraph 20 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about April 2002. Except as expressly admitted, the allegations of paragraph 20 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this

1 litigation.

2    21.   Responding to paragraph 21 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about April 2002. Except as expressly admitted, the allegations of paragraph 21 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

7    22.   Responding to paragraph 22 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about August 2002. Except as expressly admitted, the allegations of paragraph 22 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

12    23.   Responding to paragraph 23 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about Fall 2002. Except as expressly admitted, the allegations of paragraph 23 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

17    24.   Responding to paragraph 24 of the Complaint, the Plan admits that plaintiff reported having received various medical consultations and treatments in or about March 2003. Except as expressly admitted, the allegations of paragraph 24 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

22    25.   Responding to paragraph 25, the Plan admits that plaintiff stopped going to work at Kaiser Foundation Hospitals on or about June 23, 2003. Except as admitted, the Plan lacks information sufficient to form a belief as to the validity of the remaining allegations of paragraph 25, and on that basis denies them. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

27    26.   Responding to paragraph 26 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments. Except as expressly

admitted, the allegations of paragraph 26 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

27.   Responding to paragraph 27 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments. Except as expressly admitted, the allegations of paragraph 27 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

28.   Responding to paragraph 28 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about September 2003. Except as expressly admitted, the allegations of paragraph 26 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

29.   Responding to paragraph 29 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about November 2003. Except as expressly admitted, the allegations of paragraph 29 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

30.   Responding to paragraph 30 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about November 2003. Except as expressly admitted, the allegations of paragraph 30 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

31.   Responding to paragraph 31 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about the first six months of 2004. Except as expressly admitted, the allegations of paragraph 31 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

32.   The Plan admits the allegations of paragraph 32.

33.   Responding to paragraph 33 of the Complaint, the Plan admits that plaintiff has

reported having received various medical consultations and treatments in or about May 2004. Except as expressly admitted, the allegations of paragraph 33 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

34.   Responding to paragraph 34 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about August 2004. Except as expressly admitted, the allegations of paragraph 34 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

35.   Responding to paragraph 35 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about September 2004. Except as expressly admitted, the allegations of paragraph 35 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

36.   Responding to paragraph 36 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about September 2004. Except as expressly admitted, the allegations of paragraph 36 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

37.   On information and belief, the Plan admits that the Social Security Administration accepted plaintiff's claim that she had provided sufficient proof of entitlement to disability benefits under the applicable statutes and regulations. Except as expressly admitted, the allegations of paragraph 37 are denied, and the Plan further denies that the Social Security Administration's acceptance of plaintiff's claim is determinative of the issue of her entitlement to benefits under the Plan.

38.   Responding to paragraph 38 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about October 2004. Except as expressly admitted, the allegations of paragraph 38 are denied. The Plan further denies

that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

39. Responding to paragraph 39 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in 2004. Except as expressly admitted, the allegations of paragraph 39 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

40. Responding to paragraph 40 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about January 2005. Except as expressly admitted, the allegations of paragraph 40 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

41. Responding to paragraph 41 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about 2005. Except as expressly admitted, the allegations of paragraph 41 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

42. Responding to paragraph 42 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in the year 2005. Except as expressly admitted, the allegations of paragraph 42 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

43. Responding to paragraph 43 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about August 2005. Except as expressly admitted, the allegations of paragraph 43 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

44. Responding to paragraph 44 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about December

2005. Except as expressly admitted, the allegations of paragraph 44 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

45. Paragraph 45 of the Complaint provides no source for the allegations there, and the Plan therefore is unable to form a belief as to the accuracy thereof; on that basis, the Plan denies such allegations. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

46. Paragraph 46 of the Complaint provides no source for the allegations there, and the Plan therefore is unable to form a belief as to the accuracy thereof; on that basis, the Plan denies such allegations. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

47. Paragraph 47 of the Complaint provides no source for the allegations there, and the Plan therefore is unable to form a belief as to the accuracy thereof; on that basis, the Plan denies such allegations. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

48. Responding to paragraph 48 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in the year 2005. Except as expressly admitted, the allegations of paragraph 48 are denied. The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

49. The Plan admits the allegations of paragraph 49 of the Complaint.

50. Responding to paragraph 50 of the Complaint, the Plan admits that the referenced language appears in Plan documents, but denies that such language constitutes the entirety of the relevant definition of "disability" under the Plan.

51. On information and belief, the Plan admits the allegations of paragraph 51 of the Complaint.

52. Responding to paragraph 52 of the Complaint, the Plan admits that plaintiff has reported having received various medical consultations and treatments in or about 2005. Except

as expressly admitted, the allegations of paragraph 52 are denied.  The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

53.   The Plan admits the allegations of paragraph 53 of the Complaint.

54.   Responding to paragraph 54 of the Complaint, the Plan admits that it has received various reports of medical and other consultations plaintiff underwent in the year 2005, including a Modified/Alternative Work Assessment.  The Plan denies that paragraph 54 of the Complaint fully and fairly reflects the content of the referenced document, which speaks for itself.  The Plan denies the accuracy of the content of the referenced document, and further denies that the allegations of paragraph 54, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

55.   Responding to paragraph 55 of the Complaint, the Plan admits that plaintiff has reported having received various medical and other consultations in or about 2006.  Except as expressly admitted, the allegations of paragraph 55 are denied.  The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

56.   Responding to paragraph 56 of the Complaint, the Plan admits that plaintiff from time to time reported having received various medical and other consultations and made various statements about her self-assessment of her condition.  Except as expressly admitted, the allegations of paragraph 56 are denied.  The Plan further denies that such allegations, if proved by plaintiff, would be determinative of plaintiff's claims in this litigation.

57.   The Plan admits the allegations of paragraph 57 of the Complaint.

58.   Responding to paragraph 58 of the Complaint, the Plan admits that Dr. Plunkett provided an assessment to MetLife, the claim administrator for the Plan, in June 2006, the terms of which speak for themselves.  The Plan denies that the allegations of paragraph 58 of the Complaint fully and fairly reflect the opinions and evaluations set out in such report.

59.   The Plan admits the allegations of paragraph 59 of the Complaint.

60.   The Plan admits the allegations of paragraph 60 of the Complaint.

61.   To the extent that paragraph 60 of the Complaint consists of legal conclusions, the

1  Plan is not required to respond. To the extent that paragraph 60 consists of factual allegations,
2  such allegations are denied and the Plan further and expressly denies that plaintiff is or was
3  disabled under the Plan after the last date for which she received Plan benefits, and denies that
4  plaintiff is or may be entitled to any relief or recovery of any type or kind by reason of the
5  allegations of her Complaint.

6       62.    Responding to paragraph 62 of the Complaint, the Plan incorporates herein by
7  reference, as though set forth in full, paragraphs 1 through 61, above, inclusive.

8       63.    Paragraph 63 of the Complaint consists solely of legal conclusions to which no
9  response is required.

10       64.    To the extent that paragraph 64 of the Complaint consists of legal conclusions, the
11  Plan is not required to respond. To the extent that paragraph 64 consists of factual allegations,
12  such allegations are denied and the Plan further and expressly denies that plaintiff is or was
13  disabled under the Plan after the last date for which she received Plan benefits, and denies that
14  plaintiff is or may be entitled to any relief or recovery of any type or kind by reason of the
15  allegations of her Complaint.

16       65.    In response to plaintiff's request for relief, the Plan expressly denies that plaintiff
17  is or may be entitled to attorney fees or to any other form of relief, or to any remedy of any type
18  or in any amount with regard to any matters set forth in the Complaint, and further denies that
19  there is any factual or legal basis on which any dispute between plaintiff and the Plan could or
20  should be resolved in favor of plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

All actions with respect to the matters alleged in the Complaint, if any such actions were

taken, were at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the applicable plan documents and instruments, and for that reason the claims attempted to be stated in the Complaint are not payable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by the Plan or by others on behalf of the Plan were taken for good cause, were privileged and justified, and were reasonably based on the facts as determined and understood by them, and on the terms and conditions of the Plan documents.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of the Plan and of those persons and entities who acted on behalf of the Plan with regard to any matter as alleged in the complaint, if any, were permitted and/or were required by the applicable law and/or by the terms of the Plan documents.

### TENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are governed exclusively by ERISA, and all remedies to which she may be entitled, if any, which Defendants deny, are limited to those provided under ERISA. Any state law claims that Plaintiff may be deemed to have asserted or may assert with regard to the allegations in the complaint are preempted by ERISA.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan.

### TWELFTH AFFIRMATIVE DEFENSE

Any recovery by plaintiff is barred in whole or in part due to her own delay or failure to

disclose or provide information pertaining to the allegations in her complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plan, through its claim administrator, paid all Plan benefits properly due plaintiff in accordance with the terms and conditions of Plan, and no further benefits are due under the Plan.

### FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of further benefits, which the Plan denies, such payment must be reduced and offset by any other income or benefits, as defined in the applicable plan documents, that were or may be payable to her.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out her claims with sufficient particularity to permit Defendants to raise all appropriate defenses, and Defendants therefore reserve the right to add further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, the Plan prays for relief as follows:

1.   That plaintiff take nothing by way of her complaint;

2.   That judgment be entered in favor of the Plan and against plaintiff;

3.   That the Plan be awarded costs of suit incurred in this action;

4.   That the Plan be awarded its attorney's fees incurred in this action under 29 U.S.C. section 1132; and

5.   For such other and further relief as the Court deems just and proper.

DATED: September 10, 2007     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:_____
Rebecca A. Hull
Christopher Keller
Attorneys for Defendant