1  Cassie Springer-Sullivan – CA State Bar No. 221506
   Teresa Renaker– CA State Bar No. 187800
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA  94612
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839
   Email: cssullivan@lewisfeinberg.com
5          trenaker@lewisfeinberg.com

6  Attorneys for Plaintiff

7  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   REBECCA A. HULL  Bar No. 99802
8  CHRISTOPHER J. KELLER  Bar No. 178491
   One Market Plaza
9  Steuart Tower, 8th Floor
   San Francisco, California 94105
10 Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
11 Email: christopher.keller@sdma.com

12 Attorneys for Defendant
   KAISER PERMANENTE WELFARE BENEFIT PLAN
13 (INCORRECTLY SUED AS "KAISER PERMANENTE MEDICAL
   GROUP LONG-TERM DISABILITY PLAN")
14

15                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17

18
   LISA FRITZ,                          CASE NO. C 07-03587 (SI)
19
        Plaintiff,                      **JOINT CASE MANAGEMENT
20                                       STATEMENT**
        v.
21                                      **Date: November 16, 2007
   KAISER PERMANENTE MEDICAL            Time: 2:00 PM
22 GROUP LONG-TERM DISABILITY           Courtroom: 10, 19th Floor**
   PLAN,
23
        Defendant.
24

25

26

27

28

SF/1463063v1                                        CASE NO. C 07-03587 (SI)

1    Pursuant to the "Standing Order for All Judges of the Northern District of California"
2   issued on March 1, 2007, the parties to the above-entitled action jointly submit this case
3   management statement, and request that the Court adopt it as its Case Management Order in this
4   case.

1.    Jurisdiction and Service:

5
6    Plaintiff brings this action for declaratory and injunctive relief pursuant to § 502(a)(1)(B)
    of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).
7   This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e)
8   and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.  No issues exist regarding personal
9   jurisdiction or venue, and no parties remain to be served.

10  2.    Facts:

11    a.    Plaintiff's Statement

12    Plaintiff Lisa Fritz was employed by Kaiser Foundation Hospitals as a medical social
13  worker and performed the duties attendant to that position.  In July 2001, she reported an injury
14  at work and sought medical treatment for pain in her right knee, left wrist, left shoulder, left
15  ankle, and lower back.  She was diagnosed with low back strain, left ankle sprain, and left
    shoulder strain.  Ms. Fritz returned to work approximately three weeks after the injury until
16  March 2002, when she reported severe pain in her lower back.  Soon thereafter, Ms. Fritz was
17  diagnosed with grade II spondylolistheses, severe loss of disc height at L5-S1, sclerosis, and left
18  L5 lumbar radiculopathy.  Ms. Fritz stopped working on June 23, 2003, and underwent an L5-S1
19  lumbar laminectomy and fusion on June 24, 2003, consisting of posterior decompression of the
20  bilateral L5 root; posterior stabilization of L5-S1 with a pedicle screw; and a bone harvest from
21  the left iliac crest.

22    Unfortunately, Ms. Fritz continued to report pain in her left leg and lower back, numbness
    and weakness in her left foot and ankle, and decreased balance.  By letter dated March 18, 2004,
23  the administrator for the Defendant Plan, Metropolitan Life Insurance Company ("MetLife")
24  approved Ms. Fritz's claim for long-term disability ("LTD") benefits.  In October 2004, the
25  Social Security Administration determined that Ms. Fritz was entitled to Social Security
26  Disability benefits.  After several medical consultations, on January 31, 2005, Ms. Fritz
27  underwent a second back surgery, an L5-S1 exploration of the transformal lumbar interbody
28  fusion with a bone graft.  The surgeon reported that Ms. Fritz's L5 nerve root was "very encased

SF/1463063v1                                       -1-                         CASE NO. C 07-03587 (SI)

1  with scar," and required "tedious" dissection. Ms. Fritz experienced a small dural tear during the

2  surgery. Thereafter, she developed a cerebrospinal fluid leak as a result of the dural tear which

3  required an extended hospital stay.

4  Thereafter, Ms. Fritz continued to report lower back pain and left leg weakness. Her

5  doctors continued to diagnose her with left L5 lumbar radiculopathy and spondylolisthesis

6  requiring the use of a cane and pain medication, and declared her to be maximally medically

   improved, with restrictions of no more than four hours of sedentary work per day. Additionally,

7  Dr. F. X. Plunkett of Elite Physicians, Ltd., reported to MetLife that Ms. Fritz was limited to four

8  hours of sedentary work each day. By letter dated November 28, 2005, MetLife denied Ms.

9  Fritz's claim for continued LTD benefits. The Plan defines disability after the initial 24-month

10  benefit period as "being unable to earn more than 80% of your Indexed Predisability Earnings

11  from any employer in your Local Economy at any gainful occupation for which you are

12  reasonably qualified taking into account your training, education, experience and Predisability

   Earnings."

13  By letter dated May 25, 2006, Ms. Fritz appealed MetLife's decision to terminate her

14  claim for LTD benefits. Ms. Fritz has exhausted her administrative remedies under the Plan.

15  Ms. Fritz filed the instant lawsuit on July 11, 2007. Defendant Plan filed its answer on

16  September 10, 2007.

17              b.      Defendant's Position

18  Plaintiff's physician, Dr. Knapp, stated on July 27, 2005 that Plaintiff could sit, stand, and

19  walk as needed. He stated that Plaintiff could return to work 4-6 hours a day and 20-30 hours a

20  week and that these activities could begin as soon as possible. The Plan received no subsequent

   medical information contradicting Mr. Knapp's statement and on November 28, 2005 denied

21  Plaintiff's claim for additional Long Term Disability benefits.

22  Plaintiff appealed the denial of continued benefits on approximately December 24, 2005.

23  Plaintiff's claim file, including all the medical documentation, were reviewed. In an effort to

24  provide a thorough and fair review of Plaintiff's claim, MetLife had Plaintiff's file reviewed by

25  an Independent Physician Consultant, Board Certified in Orthopedic Surgery, Dr. Samuel

26  Wayne. Dr. Wayne had a teleconference with Plaintiff's physician, Dr. Knapp on June 28, 2006.

27  Dr. Knapp reported that Plaintiff had not changed nor was she likely to change conditions. An

   EMG was done on July 18, 2005 by Dr. Knapp; he concluded it was normal. On December 12,

28  2005, Dr. Knapp prepared an impairment rating report. Dr. Knapp noted permanent restrictions

1 had been placed on August 24, 2005 that consisted of sedentary work, including occasional
2 walking, allowing for position changes for comfort as needed. Dr. Knapp felt Plaintiff should be
3 limited to four hours of sitting, standing and walking. Dr. Wayne performed a CME on March
4 16, 2006. Dr. Wayne concurred with Dr. Knapp that Plaintiff was capable of performing
5 sedentary work including occasional walking. Dr. Wayne indicated Plaintiff could work, as long
as she was limited to sit, stand and walk four hours during an eight hour shift.

6     A Vocational Rehabilitation Consultant also conducted an analysis of Plaintiff's job in
7 light of her physical condition. The Vocational Rehabilitation Consultant concluded that based
8 on both the physical and narrative job descriptions on file, Plaintiff had the functional capacity to
9 perform the activities required to do her job. In addition, it was noted that the employer was
10 willing to provide some accommodations.

11     Based on review of Plaintiff's file, medical documentation and the report of independent
12 consultants, the Plan Administrator determined that the information on file did not support
13 Plaintiff's reported inability to work and sustained the denial of continued Long Term Disability
benefits.

14     *Factual Issues in Dispute*:

15     Whether Ms. Fritz is disabled under the terms of the Plan.

16  3.     Legal Issues:

17     A.     What level of deference applies under *Abatie v. Alta Health & Life Ins. Co.*, 458
18 F.3d 955 (9th Cir. 2006) (en banc).

19     B.     Whether the termination of Ms. Fritz's LTD benefits was an abuse of discretion.

20  4.     Motions:

21     There are no motions currently pending before the Court. The parties anticipate filing
cross-motions for summary judgment.

22  5.     Amendment of Pleadings:

23     The parties do not anticipate an amendment of the pleadings.

24

25  6.     Evidence Preservation:

26     Plaintiff has been instructed not to delete or destroy any e-mails, voice mails, and other

27 electronically-recorded material that may be relevant to this claim.

28     Defendant has preserved the administrative record, including electronic documents

1  relevant thereto.

2  7.    Disclosures:

3         a.    Plaintiff's Disclosures

4         Plaintiff certifies that she has made the disclosures required by Rule 26(a)(1).

5
6         b.    Defendant's Disclosures.

7         Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for

8  review on an administrative record from initial disclosures. However, in order to avoid

9  unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P.

10  26(a)(1)(E)(i) to the instant case, which will be decided based on review of the administrative

11  record, Defendant will make initial disclosure prior to the case management conference, and will

12  produce the administrative record pertaining to the disability claim that is the subject of this

13  action, as well as Plan documents.

14         Defendants dispute the propriety of any attempt by Plaintiff to supplement the

15  administrative record by identifying persons with additional knowledge about Plaintiff's claim.

16  Defendant contends that Plaintiff should be prohibited from supplementing the administrative

17  record, Defendants contend that any documents as to which Plaintiff intends to seek such leave

18  should be disclosed simultaneously with Defendants' disclosure.

19  8.    Discovery:

20         Neither party has taken any discovery to date.

21         a.    Plaintiff's Position

22         Ms. Fritz plans to conduct discovery on the standard of review, as permitted by *Welch v.*

23  *Metropolitan Life Ins. Co.* and *Abatie v. Alta Health & Life Ins. Co.*, going to whether the Plan

24  committed procedural irregularities or administered Ms. Fritz's claim under a conflict of interest.

25  Specifically, this will include, without being necessarily limited to, the following: (1) the funding

26  source of the Plan; (2) procedural irregularities in handling Plaintiff's claim; and (3) any evidence

    "that [the Plan] used truly independent medical examiners or a neutral, independent review process;

27  that its employees do not have incentives to deny claims; that its interpretations of the plan have

28  been consistent among patients; or that it has minimized any potential financial gain through

structure of its business," *Abatie*, 458 F.3d at 969 n.7; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007). The *Abatie* court has confirmed that evidence outside of the administrative record should be considered in assessing the standard of review:

> We have held that the court may consider evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny. *See Tremain*, 196 F.3d at 976-77 (holding that a court may consider extra-record evidence to determine whether the administrator was plagued by a conflict of interest).

*Abatie*, 458 F.3d at 970. Additionally, in *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d at 949-50, in considering an award of attorneys' fees, the Ninth Circuit explicitly stated that discovery is permitted in ERISA benefits cases such as this:

> Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, *see Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976-77 (9th Cir. 1999), we agree with Welch that *some* discovery aimed at demonstrating a conflict of interest may have been appropriate. (Original emphasis).

Since *Abatie*, many courts have confirmed that discovery going to the conflict of interest is permissible. *See Liu v. Standard Ins. Co.*, 457 F.Supp.2d 1030, 1038 (C.D. Cal. 2006) (permitting depositions of the medical reviewers); *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, 2007 WL 649295, \*6 (D. Or. Feb. 26, 2007); *Linich v. Broadspire Services, Inc.*, 2007 WL 841509, \*6 (D. Ariz. Mar. 16, 2007) (holding that the plaintiff was entitled to take discovery going to the conflict of interest because "[t]he Ninth Circuit's recent ruling in *Abatie* also changes Plaintiff's right to seek discovery regarding the Plan Administrator's conflict of interest."); *McCurdy v. Metro. Life Ins. Co.*, 2007 WL 915177, \*5 (E.D. Cal. Mar. 23, 2007) (permitting discovery going to, *inter alia*, Defendant's "claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims"); *Beckstrand v. Electronic Arts Group Long Term Disability Ins. Plan*, 2007 WL 1599769, \*5 (E.D. Cal. Jun. 4, 2007) (concluding that after *Abatie*, discovery was permissible where it would not have been prior to *Abatie*); *Harper v. Unum Life Ins. Co. of Am.*, 2007 WL 1792004, \*5 (E.D. Cal. Jun. 19, 2007) (holding that the plaintiff was entitled to discovery aimed at the structural conflict of interest issue rather than the merits, and permitting discovery going to the compensation of Defendant's in-house medical personnel); *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007); *Gullidge v. Hartford Life & Acc. Ins. Co.*, 501 F. Supp. 2d 1280, 1283 (C.D. Cal. 2007) (holding hours expended on discovery were reasonable because, under *Abatie* and *Welch*, "[s]ome discovery regarding whether a conflict of interest existed is therefore appropriate if the plaintiff plans to raise the issue of conflict of interest at

-5-

1    trial, which Plaintiff in this case apparently did."); *Alvarez v. Unum Life Ins. Co. of Am.*, 2007 WL

2    2348737, \*7 (N.D. Cal. Aug. 14, 2007) (granting Plaintiff's request for discovery).

3        Thus, Ms. Fritz is entitled to discovery going to the Plan's conflicts of interest and procedural

4    irregularities.

        b.    Defendant's Position

5        Defendants dispute that discovery is necessary or appropriate in this matter. When, as

6    here, the Plan by its terms extends discretionary authority to the claim administrator (here,

7    Metropolitan Life Insurance Company ["MetLife"]), the decision in issue is reviewed for abuse

8    of discretion on the basis of the administrative record. Because the Court's review is confined to

9    the administrative record, there is no basis for discovery (any matters adduced in discovery, by

10    definition, would be outside the administrative record and thus irrelevant to the question before

11    the Court). Abuse of discretion review is limited to facts set forth in the administrative record.

    *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir. 1993). Contrary to

12    Plaintiff's contention, neither *Abatie*, nor *Welch* stand for the principle that discovery is allowed

13    in a case reviewed for abuse of discretion. As *Abatie* holds: "Today, we continue to recognize

14    that, in general, a district court may review only the administrative record when considering

15    whether the plan administrator abused its discretion…. (*Abatie, supra*, 458 F. 3d at 970.)

16        Plaintiff's argument that discovery should be permitted with regard to the claim handling

17    process likewise is incorrect, because her own claim either was, or was not, properly decided

18    under the Plan. Any attempt to obtain discovery into the mental processes of the persons who

19    analyzed the claim, and any attempt to obtain discovery about the claims of others, sheds no light

20    at all on that issue, but merely distracts from the issue actually presented. *See Semien v. Life Ins.*

21    *Co. of North America*, 436 F.3d 805 (7th Cir. 2006). In *Taft*, *supra*, the Ninth Circuit held that

    discretionary review of a benefit decision is limited to the evidence considered by the Plan. *Id.* at

22    1471, citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990).

23        As a matter of public policy, the *Taft* court observed that permitting examination of

24    evidence outside the administrative record would open the door to the anomalous conclusion that

25    a fiduciary had abused its discretion by failing to consider evidence not before it. *Id.* at 1472.

26    The *Taft* court explained that permitting introduction of evidence outside the administrative

    record is inconsistent with the primary goal of ERISA, which is to provide a method for workers

27    and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Id.*

28        The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d

1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). As in *Taft*, the Ninth Circuit held that a court may not consider "new evidence," which was not part of the administrative record. The court also held that under the abuse of discretion standard, a court may review only evidence which was before the fiduciary making the decision. Id. at 1316. The Ninth Circuit in McKenzie thus found that the trial court erred in relying on evidence never presented to the claim fiduciary, which was not in the administrative record but had been submitted directly to the court. Id.; *see also Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th Cir. 2002) (documents neither "presented to" nor "considered by" fiduciary in reaching its claim decision should not be included in the record in district court).

Likewise, there is no basis for broad discovery merely because of a structural conflict which exists due to the fact that MetLife both funded the Plan benefits (through a group policy of insurance) and also made the decision being challenged here. Plaintiff's discussion above fails to articulate anything related to her own claim that so much as suggests that this structural conflict influenced the determination that he did not meet the Plan's definition of disability. Rather, the administrative record shows that Plaintiff's claim was decided consistent with MetLife's fiduciary obligation as claim administrator to conduct itself in accordance with the terms of the Plan and in the interests of all Plan participants as a whole. Certainly, to the extent Plaintiff appears to be arguing for broad-ranging "insurance bad faith" discovery, his position is unfounded. As is explained in *Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006):

> The reports by the physicians hired to review Semien's claim demonstrate a thorough consideration of the available information. These physicians found Semien capable of activities that would disqualify her from long-term disability coverage. Although Semien's treating physicians reached different conclusions as to her abilities, under an arbitrary and capricious review, neither this Court, nor the district court, will attempt to make a determination between competing expert opinions. Instead, an "insurer's decision prevails if it has rational support in the record."

*Id. at 812* (quoting *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004); *see also Davis v. Unum Life Ins. Co. of America*, 444 F.3d 569, 579 (7th Cir. 2006) (fiduciary did not abuse its discretion, as the record contained rational support for the denial of benefits).

Any disability claim presents unique facts, and stands or falls on its own merits. Thus, the fact that a different claimant may have received or been denied benefits based upon the specific facts of his or her case, does not and cannot establish whether Plaintiff in this action is

1  entitled to disability benefits based upon this record. As such, discovery regarding the handling

2  of others' claims would be burdensome and contrary to the policy discussed in *Taft*, yet would

3  add nothing meaningful to the discussion of whether Ms. Fritz's claim was properly denied.

4  In the circumstances of this case, no discovery is necessary or appropriate. Should the Court

5  determine that discovery on the issue of conflict may be conducted, however, any such discovery

   should at most consist of a limited set of written interrogatories. In no event should the Court

6  permit Plaintiff to conduct depositions or other similarly burdensome discovery, contrary to the

7  intent behind the ERISA-governed scheme.

8       The parties have agreed to the following discovery schedule: All fact discovery, if any,

9  should be completed on or before March 19, 2008.

10 9.    Class Actions:

11       Not applicable.

12 10.   Related Cases:

13       None.

14 11.   Relief:

15       a.    Plaintiff's Request for Relief

16       Pursuant to her rights under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Ms. Fritz

17 has brought this lawsuit to order the Plan pay her LTD benefits from November 28, 2005.

18 Plaintiff's gross LTD benefit per month is $3,895.55, less any applicable offsets. If Ms. Fritz

19 prevails, her benefits will continue until March 25, 2030, or until she is no longer disabled.

20       b.    Defendant's Request for Relief.

21       Defendant seeks judgment and dismissal with prejudice of this matter, and any

   reimbursement of attorneys' fees and cost permissible under the law.

22 12.   Settlement and ADR:

23       The parties have agreed to participate in the court-appointed mediation program by

24 January 15 2008, before any one of the following court-appointed mediators:  Brad Huss,

25 Michael Loeb, Martin Quinn, or Catherine Yanni.

26

27 13.   Consent to Magistrate Judge for All Purposes:

         Neither party consents to having a magistrate judge conduct all further proceedings.

28

1    14.    Other References:

2        This case is not suitable for reference to binding arbitration, a special master, or the

3    Judicial Panel on Multidistrict Litigation.

4    15.    Narrowing of Issues:

5        None.

6    16.    Expedited Schedule:

7        No.

8        17.    Scheduling:

9
        The parties jointly request the following schedule:

10
        a.    All fact discovery[1]  to be completed by March 19, 2008;

11        b.    Dispositive motions to be filed by April 11, 2008;

12        c.    Oppositions to dispositive motions to be filed by April 25, 2008;

13        e.    Reply briefs to be filed by May 2, 2008;

14        f.    Hearing on dispositive motions on May 16, 2008

15    18.    Trial:

16        a.    Plaintiff's position.

17            Two-day bench trial.

18        b.    Defendant's position

19
            Two-hour bench trial.

20
21    19.    Disclosure of Non-party Interested Entities or Persons:

22        Plaintiff filed the "Certification of Interested Entities or Persons" on September 28, 2007.

23    Plaintiff's Identification of Interested Entities or Persons:  the persons and entities in this lawsuit.

24        Pursuant to Civil L.R. 3-16, Defendants certify that there are no persons, associations of

25    persons, firms, partnerships, corporations (including parent corporations) or other entities (i)

    have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)
26

27        [1] For the reasons discussed above, Defendants do not believe that discovery is appropriate. If
    Plaintiff moves for leave to conduct discovery and is permitted to do so, however, Defendants
28    agree that it should be completed not later than March 19, 2008.

1  have a non-financial interest in that subject matter or in a party that could be substantially

2  affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance

3  Company; Kaiser Permanente Flexible Benefits Plan.

4  20.  Such other matters as may facilitate the just, speedy, and inexpensive disposition of this
       matter.

5

6  None.

7  DATED: November 9, 2007          LEWIS, FEINBERG, LEE, RENAKER & JACKSON

8

9                                   By
10                                     Cassie Springer-Sullivan
                                       Attorneys for Plaintiff Lisa Fritz
11

12  DATED: November __, 2007         SEDGWICK, DETERT, MORAN & ARNOLD LLP

13

14                                   By: _____
15                                        Rebecca A. Hull
                                          Christopher J. Keller.
16                                        Attorneys for Defendant
                                          KAISER PERMANENTE WELFARE
17                                        BENEFIT PLAN (INCORRECTLY SUED AS
                                          "KAISER PERMANENTE MEDICAL
18                                        GROUP LONG-TERM DISABILITY PLAN")

19

20

21

22

23

24

25

26

27

28

1    have a non-financial interest in that subject matter or in a party that could be substantially

2    affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance

3    Company; Kaiser Permanente Flexible Benefits Plan.

4    20.    Such other matters as may facilitate the just, speedy, and inexpensive disposition of this
            matter.

5

6           None.

7    DATED: November __, 2007          LEWIS, FEINBERG, LEE, RENAKER & JACKSON

8

9
                                       By: _____
10                                          Cassie Springer-Sullivan
                                            Attorneys for Plaintiff Lisa Fritz
11

12   DATED: November 9, 2007           SEDGWICK, DETERT, MORAN & ARNOLD LLP

13

14                                     By: _____
                                            Rebecca A. Hull
15                                          Christopher J. Keller.
                                            Attorneys for Defendant
16                                          KAISER PERMANENTE WELFARE
                                            BENEFIT PLAN (INCORRECTLY SUED AS
17                                          "KAISER PERMANENTE MEDICAL
                                            GROUP LONG-TERM DISABILITY PLAN")
18

19

20

21

22

23

24

25

26

27

28